No. 683

CRITERION CLOTHING CO. v. CLARK & GOODMAN

No. 19120. Supreme Court

On motion to certify. Dock. May 6, 1925; 3 Abs. 313.

923. PLEADINGS—May fraud be asserted under a general denial or must it be plead?
480. EVIDENCE—Exclusion of documentary—Subsequent evidence of contents, when admissible.

Clark & Goodman were real estate agents and they brought a suit against the Criterion Clothing Co. to recover upon a quantum meruit basis for services rendered in procuring a lease. The Clothing Co. denied that services had been rendered to the extent claimed, and denied that they were of the value claimed.

On trial in the Scioto Common Pleas, the Clothing Co. learned for the first time from the landlord, that one of the partners, with full knowledge of the fact that his partner was negotiating for the property for their client, the Clothing Co., attempted to secure a lease from the owner in favor of himself, and went so far as to draw up a lease with himself as lessee. The court withdrew from the jury consideration with reference to the lease and a verdict was returned in favor of Clark and Goodman.

Error was prosecuted and the court of appeals affirmed the judgment of the lower court, holding that the partner who had attempted to get the lease for himself did not know that his associate was endeavoring to have a lease drawn for the benefit of their joint client; that the evidence of fraud and bad faith was not admissible because it could not be offered under a general denial, but would have to be pleaded.

It was contended by the Clothing Co. that the Court of Appeals erred for the reason that in an action on a contract, evidence that the partnership failed to perform, and of its bad faith in carrying out the contract, is admissible under general denial, and that any proof of bad faith in carrying out the agreement sued on or failure in any way honestly fairly and in good faith to carry out the contract upon which the action is brought can be asserted under a general denial.

It was claimed that an agent owes to his principal the utmost good faith and is bound to disclose to him every material fact relating to the conduct of the business entrusted to him, and if he does not do so, he is guilty of fraudulent concealment precluding recovery.

The court of appeals held that the admission of the attorney's testimony, who drew up the lease for the one partner, cured the error of the trial court in the exclusion of the lease itself. It was contended by the company that this could not be, as the attorney's testimony in comparison with the excluded lease was practically nil and could give the jury very little light on what Clark was doing; while the lease, had it been admitted, could have told the whole story.

It is contended that the exclusion of documentary evidence is harmless error, where its contents is clearly established by other evidence. To effect a cure it is claimed the evidence subsequently introduced must be substantially the same as that excluded, must be admitted for the same purpose and must not itself be taken from the jury, and if this is done it is prejudicial error.

Attorneys—Bannon & Bannon for Clothing Co.; B. F. Kimble for Clark et; all of Portsmouth.

Note—Motion to certify overruled; 3 Abs. 388.